**Order filed March 28, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00087-CV

_____

## PEGGY JOYCE RUTH, Appellant

## V.

## ARMA LEE CROW, JAMES ALBERT CROW, AND SANDRA KAY FORD, Appellees

On Appeal from the 35th District Court

Brown County, Texas

Trial Court Cause No. CV1002049

## O R D E R

This is an appeal from the trial court's order to enforce the parties' mediated settlement agreement. After both parties submitted their briefs, Appellees, Arma Lee Crow, James Albert Crow, and Sandra Kay Ford, filed a motion to dismiss for lack of jurisdiction.

Generally, this court's jurisdiction is limited to appeals from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final and appealable if it disposes of all parties and all claims in the case. *Id.* We determine whether a judgment is final and appealable based on the language in the judgment and the record of the case. *Id.*

The record in this case shows that Appellees filed an original petition against Appellant, Peggy Joyce Ruth, in which Appellees sought a partition of land located in Brown County and further sought to recover attorney's fees and costs. James A. Ruth, the husband of Appellant, filed a petition in intervention and alleged breach of contract and unjust enrichment. Intervenor's claims arose out of disputes regarding partnership agreements pertaining to the land in Brown County and other land located in San Saba County. He also sought to remove James Albert Crow as a partner from the agreements and sought to recover attorney's fees. Appellant filed an original answer and incorporated the intervenor's counterclaims. Appellees filed a counterclaim against the intervenor for a groundless suit brought in bad faith.

The trial court ordered the parties to attend mandatory, nonbinding mediation. As a result of mediation, the parties entered into a mediated settlement agreement. The agreement provided that the parties would sell their interests in the land and divide the proceeds in a certain manner. The agreement also provided that the parties would execute and file an agreed order to dismiss all claims in the case with prejudice.

Disputes regarding the sale of the property arose, and Appellees filed a motion to clarify and enforce the agreement.[1] The trial court granted Appellees' motion and ordered the parties to sell the land at issue. The trial court's order also provided, "The issues of further enforcement of the mediated settlement agreement are carried along to be re-visited, if necessary, at a future date."

Although the trial court found that the settlement agreement was a valid agreement and set out actions to clarify and enforce the parties' agreement to sell the land at issue, the order specifically provided that other issues of enforcement would remain pending. The record does not show that the parties executed and filed an agreed order to dismiss all claims in the case with prejudice, nor did the trial court order the parties to do so. Because the trial court has not entered a judgment incorporating the settlement agreement or otherwise disposing of all of the parties' claims and because the parties have not dismissed all of their other claims, there is not yet a final, appealable judgment in this case.

We hold that the trial court's order to clarify and enforce a portion of the settlement agreement does not dispose of all parties and all claims. Therefore, we abate the appeal pursuant to TEX. R. APP. P. 27.2 to permit the trial court to render a final judgment. If a final, appealable judgment has not been entered by April 15, 2013, this court may dismiss this appeal. The court

---

[1]We note that a written settlement agreement is enforceable in the same manner as any other written contract and that it is not enforceable as a court order unless it has been incorporated into a court order. TEX. CIV. PRAC. & REM. CODE ANN. § 154.071 (West 2011).

reporter and district clerk are ordered to file in this court any supplemental records relating to the entry of a final judgment on or before April 30, 2013.

The appeal is abated.

PER CURIAM

March 28, 2013

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.